NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0167n.06
No. 19-3004

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Mar 23, 2020
DEBORAH S. HUNT, Clerk

CHARLES CRANFIELD, individually and on behalf of all other Ohio residents similarly situated, )
)
)
    Plaintiff-Appellant, )
)
v. )
)
STATE FARM FIRE & CASUALTY COMPANY, )
)
    Defendant-Appellee. )
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

**BEFORE:**    **SUTTON, NALBANDIAN, and READLER, Circuit Judges.**

PER CURIAM. Charles Cranfield purchased a State Farm insurance policy that provided for "actual cash value" coverage for damage to his home. The policy and related documents defined "actual cash value" as the "repair or replacement cost of the damaged part of the property less depreciation and deductible." The documents in turn defined the term "depreciation" as the "decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence." No further definition was provided.

When a storm damaged Cranfield's home, he filed a claim with State Farm. An adjuster estimated the total cost to repair Cranfield's home as well as how much the home had depreciated since its original construction. State Farm and Cranfield agreed that State Farm could make deductions from Cranfield's recovery amount to reflect the depreciated value of the material used to construct the home. But they disagreed whether the policy also allowed for deductions for the depreciated value of the labor costs to construct the home. Unable to resolve his dispute with State

Farm, Cranfield filed a class action in state court on behalf of himself and all other Ohioans insured by State Farm on similar terms. Invoking our jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453, State Farm removed the lawsuit to federal court.

Whether labor depreciation is properly deducted in an actual cash value insurance policy has divided courts across the nation. *Accardi v. Hartford Underwriters Ins. Co.*, -- S.E.2d --, 2020 WL 987541, at *3 (N.C. Feb. 28, 2020) (collecting cases). Agreeing with the majority of courts to address the issue, the district court dismissed Cranfield's complaint, holding that the State Farm policy unambiguously allowed for depreciation deductions for both material and labor costs. Cranfield appealed.

We recently resolved this issue in *Perry v. Allstate Indem. Co.*, -- F.3d --, 2020 WL 1284960 (6th Cir. Mar. 18, 2020). In *Perry*, we held that an Ohio insurer may not deduct the cost of labor depreciation pursuant to an actual cash value insurance policy that does not expressly provide for such deductions. *Id.* at *4. Because Cranfield's policy with State Farm did not expressly provide for labor-cost depreciation deductions, *Perry* commands the same result here. *Ogle v. Ohio Civil Serv. Emps. Ass'n*, -- F.3d --, 2020 WL 1057389, at *1 (6th Cir. Mar. 5, 2020) (per curiam). We therefore **REVERSE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.